**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (FT. LAUDERDALE)**
**CASE NO.: 18-CV-62603-WPD – Dimitrouleas / Snow**

| | |
|---|---|
| MISMA RIVERA, individually and on behalf of all others similarly situated, | ) CLASS ACTION ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ASPIRE MARKETING ENTERPRISES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS**
**MOTION TO DISMISS OR STAY THE CASE PENDING FCC RULING**

**PRELIMINARY STATEMENT**

In its Motion to Dismiss or Stay (the "Motion"), Defendant Aspire Marketing Enterprises, LLC ("Aspire") demonstrated that Plaintiff's First Amended Complaint ("Complaint") fails to state a plausible cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), or should be stayed pending FCC Ruling.  Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (the "Opposition") fails to rebut the grounds for dismissal, instead relying on facts that were not alleged in the Complaint.

Defendant has acknowledged that this District has adopted a liberal standard for the definition of an automatic telephone dialing system ("ATDS") under the TCPA, and has requested that this Court reconsider its previous holding.  Plaintiff has not made any showing to the contrary.  Lastly, Plaintiff does not rebut that this case is appropriate for a stay pending FCC ruling under the primary jurisdiction doctrine, instead arguing that a stay could be indefinite.  However, this Court can address that speculative concern by case management, such as setting a future status conference.

### A. <u>PLAINTIFF HAS NOT SUFFICIENTLY PLEADED THE USE OF AN ATDS</u>

**1. Plaintiff's ATDS Allegations Are Legal Conclusions Rather Than Factual Assertions**

"As a matter of well-settled law, plaintiff cannot amend her pleadings via memorandum of law filed in response to a dispositive motion." *Adams v. Homeward Residential, Inc.*, No. CIV.A. 13-0329-WS-B, 2014 WL 460936, at *6 (S.D. Ala. Feb. 5, 2014) (citing *Miccosukee Tribe of Indians of Florida v. United States*, 716 F.3d 535, 559 (11th Cir. 2013)). In disregard of this principle, Plaintiff alleges additional facts not included in the Complaint in an attempt to shore up the Complaint's conclusory ATDS allegations. *See* Response at ¶¶ 18 & 19.

Even if the Court were to consider the new facts asserted in Paragraph 19, they only serve to undercut the assertion that the text message at issue was "impersonal and generic," based on what Plaintiff terms an "abandoned cart" – *Plaintiff's* abandoned cart. Through Paragraph 19, Plaintiff admits that she manufactured this claim by going to a website, submitting her contact information to purchase a product, and then leaving the payment processing page before completing her order, thus consenting to and even inviting a communication reminding her of *her* unfinished order. Where a "[p]laintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS," courts conclude that the allegations are insufficient to state a claim for relief under the TCPA. *Duguid v. Facebook, Inc.*, No. 15-CV-00985-JST, 2017 WL 635117, at *4 (N.D. Cal. Feb. 16, 2017). Plaintiff has failed to rebut this point by referring to any Complaint allegation, and her improper supplementation actually reinforces it.

Additionally, Plaintiff does not respond to Aspire's point that Plaintiff failed to allege facts to support her conclusory mass messaging allegations. *See* Motion at 7 (distinguishing *Legg v. Voice Media Grp., Inc.* from this case because the plaintiff in *Legg* supported the mass

messaging allegation with facts such as defendant's "presence in over 50 major metropolitan areas and voluminous consumer complaints about text messages received from [defendant's] short code."  990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014).  Instead, in Paragraph 20 of the Response, Plaintiff simply restates the conclusory allegations that form the substance of the Complaint.  Therefore, having failed to rebut the fact that Plaintiff's allegations do not create a plausible claim for relief, the Complaint must be dismissed.

### 2. Plaintiff Employs the Wrong Standard for an ATDS

Defendant does not deny that several courts in this District has previously adopted a liberal standard on the definition of an ATDS following *ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018), and requests that this Court reconsider its prior holdings and join the courts that have interpreted the effect of the *ACA* decision to return to the statutory definition of an ATDS by holding that the defining characteristic of an ATDS post-*ACA* is random or sequential number generation.  Plaintiff makes clear its position that "phone numbers from a predetermined list are within the definition of an ATDS and subject to the TCPA[,]" and that the Court should not divert from its ruling on this issue in *Adams v. Ocwen Loan Servicing, LLC*, No 18-81028, 2018 U.S. Dist. LEXIS 184513 (S.D. Fla. Oct. 26, 2018).  *See* Response at ¶ 24.

Defendant overlooked and did not include in its Motion the Court's *Adams* decision, which was published only on Lexis until January 11, 2019.  The *Adams* decision, however, is not dispositive, nor does Plaintiff suggest that it is.  Since *Adams* was decided, at least two more District Courts have joined the growing group of courts to rule that the D.C. Circuit's decision in *ACA* overturned the Federal Communications Commission's prior predictive dialer rulings, and that in their absence, the TCPA's statutory definition of ATDS unambiguously requires random or sequential number generation capacity.  *See Johnson v. Yahoo!, Inc.*, No. 14-cv-02028, 2018

3

WL 6426677 (N.D. Ill. Nov. 29, 2018); *Stewart L. Roark v. Credit One Bank, N.A.*, No. CV 16-173, 2018 WL 5921652 (D. Minn. Nov. 13, 2018).

"The phrase 'using a random or sequential number generator' applies to the numbers to be called and an ATDS must either store or produce those numbers (and then dial them). Curated lists developed without random or sequential number generation capacity fall outside the statute's scope." *Johnson*, 2018 WL 6426677, at *2. "This does not make the term 'store' superfluous. The word 'store' ensures that a system that generated random numbers and did not dial them immediately, but instead stored them for later automatic dialing (after, for example, some human intervention in activating the stored list for dialing) is an ATDS." *Id.* at *2, n.4.

Defendant therefore submits that this Court should reconsider its prior holdings that the definition of ATDS within the TCPA is ambiguous, and instead adopt a view that is consistent with grammatical canons expressed by the Eleventh Circuit. *Bingham, Ltd. v. United States*, 724 F.2d 921, 925–26 & n.3 (11th Cir. 1984) ("Where the modifier is set off from two or more antecedents by a comma, . . . the comma indicates the drafter's intent that the modifier relate to more than the last antecedent.") As stated in Defendant's Motion: "[g]iven its placement immediately after 'telephone numbers to be called,' the phrase 'using a random or sequential number generator' is best read to modify 'telephone numbers to be called,' describing a quality of the numbers an ATDS must have the capacity to store or produce." Motion at 11 (citing *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 938 (N.D. Ill. 2018)).

### B. ALTERNATIVELY, APPLICATION OF THE PRIMARY JURISDICTION DOCTRINE IS APPROPRIATE

Defendant disagrees that staying cases pending FCC rulings is unwarranted, and Defendant's argument is supported by the voluminous case law granting such stays. *See* Motion at 5, n. 4. In opposition, Plaintiff relies on cases where movants did not argue for a stay based on

the primary jurisdiction doctrine.  *See* Response at ¶¶ 27 & 28.  Plaintiff has not made any attempt to rebut Aspire's argument that the primary jurisdiction doctrine is applicable here.  It is true that the FCC has not set a date certain to rule on the Joint Petition or Public Notice.  But the setting of a date certain has never been a prerequisite to issuance of a stay.  And, in any event, Plaintiff's concern that a stay could be indefinite can be addressed by case management, and Aspire proposes that the Court schedule a status conference for the earlier of five (5) months from the entry of a stay order or thirty (30) days from the issuance of the expected ruling so that the case is not unnecessarily delayed and to allow the parties to update the Court on the status, as Judge Rosenberg ruled in *Buhr v. ADT Inc. et al.*, No. 9:18-cv-80605-RLR (S.D. Fla. July 25, 2018), ECF 40.[1]

## CONCLUSION

Plaintiff alleges no well-pleaded facts that state a plausible violation of the TCPA.  Additionally, the Court should depart from its holding in *Adams* because the definition of an ATDS set forth therein is contrary to the unambiguous language of the TCPA.  Lastly, if the Court does not dismiss the Complaint, it should stay the case pending FCC Ruling, and set a status conference for five months from the date of the order granting the stay (if the FCC Ruling has not been released yet) in order to ensure that the stay is not indefinite.

Chery

---

[1] "PAPERLESS ORDER granting 22 Motion to Stay.  Defendant's Motion to Stay is granted for all of the reasons set forth in the Motion.  This case is stayed pending a ruling from the FCC that clarifies the definition of "an automatic telephone dialing system" under the TCPA as discussed in Defendant's Motion.  In the event the FCC has not rendered such a ruling, however, within five months of the date of rendition of this Order, the parties are ordered to so apprise the Court in a status report.  Signed by Judge Robin L. Rosenberg on 7/25/2018.  (bkd) (Entered: 07/25/2018)."

Dated: January 17, 2019						Respectfully Submitted,

								GREENSPOON MARDER LLP

								*/s/ Jeffrey Backman*
								Jeffrey A. Backman
								Florida Bar No. 662501
								Jeffrey.Backman@gmlaw.com
								Gregg I. Strock
								Florida Bar No. 1010140
								Gregg.Strock@gmlaw.com
								200 East Broward Blvd., Suite 1800
								Fort Lauderdale, FL  33301
								Tel:  (954) 491-1120
								Fax: (954) 213-0140

								*Counsel for Aspire Marketing Enterprises, LLC*